**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JESSICA GOSSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-278 |
| | ) | |
| WELLSTAR MCG HEALTH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

As the Court observed in a prior Order, this case is in a troubling posture. *See* doc. 7 at 1. Plaintiff filed her Complaint on December 12, 2024. Doc. 1. Because there was no indication that any defendant was ever served or that Plaintiff had taken any action to prosecute this case, the Court directed her to show cause why her case should not be dismissed. Doc. 3. Plaintiff's response was due April 16, 2025, *id.* at 2, and she did not respond, *see generally* docket. Therefore, the undersigned recommended that her Complaint be dismissed for her failure to serve any defendant under Federal Rule of Civil Procedure 4(m) and for her failure to comply with the Court's Order and to prosecute her case. *See* doc. 5. Plaintiff's sole counsel of record, Melissa Renza, was also directed

1

to show cause why she should not be subject to disciplinary proceedings for her apparent abandonment of her client. *Id.* at 4-5.

Ms. Renza responded. *See* doc. 6. Her response raised even more concerns about the current representation of the Plaintiff. Ms. Renza's submission explained she had been working at her prior employer, Lento Law Group, for about two weeks when she was asked to assist an unnamed attorney, who was assigned Dr. Gosse's case, to file Dr. Gosse's Complaint in this Court "pending association with local counsel to handle the matter." *Id.* at 1. Ms. Renza filed the Complaint and entered her appearance on behalf of Dr. Gosse, S.D. Ga. L.R. 83.6(a), even though she indicated she "never had any contact" with Dr. Gosse, doc. 6 at 2. She then advised someone at Lento Law Group, it is not apparent who, that the Complaint was filed and the Defendants needed to be served. *Id.* at 1-2. Less than a month later she left her employment with Lento Law Group. *Id.* at 2. Because of the way the case was assigned within Lento Law Group's internal case management software, it did not appear on Ms. Renza's list of matters, and "inadvertently and regrettably fell to the wayside." *Id.*

Ms. Renza then recounted a bizarre series of events related to her leaving Lento Law Group. *See* doc. 6 at 2. She indicated she was a remote employee, and when she sent communications notifying Lento Law Group of her departure and inquiring about the transition of the matters assigned to her, she was met with complete silence. *Id.* Again, she did not identify a particular person at the Lento Law Group, but explained the prior employer has "steadfastly refused to respond to or acknowledge any of the undersigned's communication attempts from January 6, 2025 until April 18, 2025." *Id.* She also explained she has not been paid for a portion of her employment. *Id.* Apparently, when she forwarded the Court's prior Order to someone at Lento Law Group—again, no specific person is identified—someone finally communicated with her and advised "they are in talks with an attorney who is interested in taking this case over." *Id.* at 3. Ms. Renza sought leave to withdraw as counsel for Plaintiff since Plaintiff "is a client of Lento Law Group and not that of the undersigned." *Id.*

The Court denied Ms. Renza's request to withdraw, since at that time she was the only attorney who had appeared to represent the Plaintiff in this Court. Doc. 7 at 4. Additionally, the Court vacated the

3

prior Report and Recommendation to resolve the matter of Dr. Gosse's representation. *Id.* at 6. Because it was not apparent, at that point, that Dr. Gosse had any idea about the status of her lawsuit, Ms. Renza was directed to file a Notice identifying who at Lento Law Group has contact with Dr. Gosse, who at Lento Law Group is assigned Dr. Gosse's case, and who at Lento Law Group Renza was in communication with about the possibility of new counsel entering an appearance. *Id.* at 5-6. She was also instructed to obtain Dr. Gosse's contact information and provide it to the Court. *Id.* at 6. Finally, because the information provided raised the Court's suspicion that some individuals at Lento Law Group may have held themselves out to Dr. Gosse as eligible to pursue her claims in this forum without having the privilege of doing so, in violation of this Court's Local Rules, *see* S.D. Ga. L.R. 83.5(c), and given the "serious implications" of that conduct, the Clerk was directed to send a copy of the Court's prior Order directly to Lento Law Group. *Id.*

Ms. Renza again timely responded. *See* doc. 8. She provided the Court with Plaintiff's contact information and represented that she had been in communication with Dr. Gosse. *Id.* However, her second submission raised even more questions about the actions of various

4

individuals associated with the Lento Law Group. Therefore, the Court set a video status conference. *See* doc. 10 (Minute Entry). Both Ms. Renza and Dr. Gosse virtually attended the on-the-record video status conference. *Id.* The information revealed by Dr. Gosse during the status conference raised even higher the Court's concerns about the behavior of individuals associated with Lento Law Group.[1]

According to Dr. Gosse, up until Ms. Renza contacted her in May 2025, she did not know Ms. Renza, had never talked to Ms. Renza, and did not understand that Ms. Renza had filed her Complaint and was her sole attorney of record. She informed the Court that she had signed some form of agreement with Lento Law Group in May 2024 and paid $15,000 to Lento Law Group, P.C. via an electronic payment for representation in this case. Her communications with Lento Law Group were predominately via email, and the first email she received was signed by "Joseph Lento." She has received additional email communications from Mr. Lento.

---

[1] While the conference was on the record, neither Dr. Gosse nor Ms. Renza provided the information recounted below under oath. Therefore, the Court does not treat it as evidence, but assertions of potential wrongdoing. Nevertheless, the information, coupled with the Court's own review of its docket, provide sufficient indication of a potential violation of its Local Rules. The individuals impacted by these allegations will have the opportunity to appear and provide their response, as discussed below.

Initially, Dr. Gosse worked with Kyle Adams at Lento Law and was under the impression that Kyle Adams was her attorney.[2] Dr. Gosse understood her lawsuit needed to be filed in Georgia, but someone with Lento Law Group assured her they had lawyers in Georgia and it was a "non-issue." Kyle Adams sent her email communications about the Complaint, with at least one attaching a draft complaint. At least one version of the Complaint had Kyle Adams' signature block. On December 11, 2024, one day before the Complaint signed by Ms. Renza was filed in this Court, Kyle Adams sent Dr. Gosse a copy of a complaint signed by him. Gosse did not know anyone else was going to file the Complaint on her behalf.

In December 2024, around the time the lawsuit was filed, Kyle Adams told Dr. Gosse he was leaving Lento Law Group. Since then, she has been, in her own words, "pleading" for someone else at Lento Law to talk to about her claims. A new attorney was never assigned. She has received emails from Joseph Lento, but none of the emails provided her any information about her case or who was going to represent her.

---

[2] The Court was unable to locate a "Kyle Adams" using the State Bar of Georgia's online membership directory, and there is no "Kyle Adams" that is admitted to practice in the Southern District of Georgia.

After Dr. Gosse recounted these details, Ms. Renza was given an opportunity to speak. She confirmed she was employed with Lento Law for about 7 weeks. She was a remote employee based in Florida. Joseph Lento was her employer, but she never met him in person. She believes he is located in New Jersey. Kyle Adams, who was not her supervisor but another salaried attorney, asked her to file Dr. Gosse's Complaint. Renza received a copy of the Complaint either the day before or the day of the running of the statute of limitations. She does not know who drafted the Complaint. Kyle Adams told her he might apply for admission *pro hac vice* to litigate Dr. Gosse's case, but raised some logistical and cost concerns with doing so since he is not based in Georgia. He also indicated he was looking for local counsel, but never provided Renza with any names of possible local lawyers to assist with Dr. Gosse's case.

Since the Court's Orders, Renza has been in touch with a non-lawyer firm administrator at Lento Law Group, but she has not been provided any substantive information about Dr. Gosse's case. She does not have Dr. Gosse's file and as of the date of the conference had not been able to successfully get the file or the name of any possible local attorney

from anyone at Lento Law. For over a month after the status conference, Ms. Renza remained the sole counsel of record for Dr. Gosse, and no other lawyer entered an appearance. *See generally* docket. Because Dr. Gosse faced potential repercussions through what appears to be a failure to act by her lawyers, the Court *sua sponte* appointed a lawyer to represent her *pro bono. See* doc. 11. Mr. Jeff Harris has now entered an appearance on behalf of Dr. Gosse, doc. 12, as has his colleague Cole Donahue, doc. 14.

Given the information currently available, the Court has serious concerns about the conduct of both Joseph Lento and Kyle Adams. It appears that both Lento and Adams held themselves out to Dr. Gosse as able to prosecute her claims in the Southern District of Georgia, then abandoned her after those claims were filed by another lawyer. The information leads the Court to believe they may have, at least, violated Local Rule 83.5, which states in relevant part:

> Any person who is not admitted to the bar of this Court or who has been disbarred or suspended, and who exercises in this Court any of the privileges as a member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subject to appropriate punishment.

S.D. Ga. L. Civ. R. 83.5(c).

Therefore, Joseph Lento and Kyle Adams are each **DIRECTED** to **RESPOND** and **SHOW CAUSE** in writing no later than August 18, 2025, why the Court should not initiate contempt proceedings for their apparent violations of Local Rule 83.5(c). Additionally, Joseph Lento and Kyle Adams are each individually **DIRECTED** to appear before the Court, in person, on Monday, September 8, 2025, at 9:00 a.m. at the United States District Court for the Southern District of Georgia, 8 Southern Oaks Court, Savannah, Georgia, 31405, Courtroom 2, and further **SHOW CAUSE** why the Court should not initiate contempt proceedings against them.

To ensure Joseph Lento and Kyle Adams receive notice of this Order, the Clerk is **DIRECTED** to serve a copy on the following addresses via United States Mail:

Joseph D. Lento
3000 Atrium Way, Suite 200
Mt. Laurel, NJ 08054

Joseph D. Lento
1814 East Route 70, Suite 321
Cherry Hill, NJ 08003

Joseph D. Lento
1650 Market Street, Suite 3600
Philadelphia, PA 19103

Kyle Anthony Adams
1420 Locust Street, Suite 420
Philadelphia, PA 19102

Kyle Anthony Adams
245 Canterbury Drive
West Chester, PA 19380

Kyle Anthony Adams
c/o Adams Legal Services
1554 Paoli Pike
West Chester, PA 19380

Lento Law Group, P.C.  
1500 Market Street  
12th Floor – East Tower  
Philadelphia, PA 19102

Lento Law Group, P.C.  
841 Prudential Drive  
12th Floor  
Jacksonville, FL 32207

The Clerk is further **DIRECTED** to serve a copy via email to the following email addresses: jdlento@lentolawgroup.com, kyle@adamslegalservice.com, info@lentolawgroup.com.

Finally, the United States Marshal is **DIRECTED** to **PERSONALLY SERVE** a copy of this Order on Joseph Lento and Kyle Adams. The Clerk is **DIRECTED** to provide the attached USMS-285 forms and copies of this Order to the United States Marshal for service.

**SO ORDERED,** this 11th day of July, 2025.

_____  
CHRISTOPHER L. RAY  
UNITED STATES MAGISTRATE JUDGE  
SOUTHERN DISTRICT OF GEORGIA

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jessica Gosse | CV424-278 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Wellstar MCG Health, et al. | Order |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Joseph D. Lento

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
3000 Atrium Way, Suite 200, Mt. Laurel, New Jersey 08054

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| United States District Court<br>Southern District of Georgia<br>8 Southern Oaks Court<br>Savannah, Georgia 31404 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Alternate Addresses: 1814 East Route 70, Suite 321, Cherry Hill, New Jersey 08003; 1650 Market Street, Suite 3600 Philadelphia, Pennsylvania 19103;  1500 Market Street, 12th Floor - East Tower, Philadelphia, Pennsylvania 19102

| Signature of Attorney other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Christopher L. Ray  *Digitally signed by Christopher L. Ray Date: 2025.07.11 09:41:32 -04'00'* | ☐ PLAINTIFF<br>☐ DEFENDANT | 912-650-4180 | 7/11/2025 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am<br>☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | | Signature of U.S. Marshal or Deputy | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Jessica Gosse | CV424-278 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Wellstar MCG Health, et al. | Order |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Kyle Anthony Adams

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
245 Canterbury Drive, West Chester, Pennsylvania 19380

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | |
|---|---|
| United States District Court<br>Southern District of Georgia<br>8 Southern Oaks Court<br>Savannah, Georgia 31404 | Number of process to be served with this Form 285: **1**<br>Number of parties to be served in this case: **2**<br>Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Alternate Addresses: 1420 Locust Street, Suite 420, Philadelphia, Pennsylvania 19102; 1554 Paoli Pike, West Chester, Pennsylvania 19380

| Signature of Attorney other Originator requesting service on behalf of: | TELEPHONE NUMBER | DATE |
|---|---|---|
| Christopher L. Ray  Digitally signed by Christopher L. Ray Date: 2025.07.11 09:38:01 -04'00' ☐ PLAINTIFF ☐ DEFENDANT | 912-650-4180 | 7/11/2025 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | Date | Time | ☐ am ☐ pm |
|---|---|---|---|
| Address *(complete only different than shown above)* | Signature of U.S. Marshal or Deputy | | |

*Costs shown on attached USMS Cost Sheet >>*

REMARKS