# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA,
### SAVANNAH DIVISION

| | | |
|---|---|---|
| JESSICA GOSSE, | ) | |
| PLAINTIFF | ) | |
| | ) | CV424-278 |
| | ) | |
| v. | ) | |
| | ) | |
| WELLSTAR MCG HEALTH et al. | ) | |
| DEFENDANTs | ) | |

## <u>RESPONSE TO ORDER TO SHOW CAUSE</u>

COMES NOW, Kyle Anthony Adams, Esq. the undersigned, hereby files this Response to the Court's Order on July 11, 2025, files this Response to Order to Show Cause, and in support thereof states as follows:

1. The undersigned offers a most vigorous apology for any role played, inadvertent or otherwise, in this situation. The undersigned never intended to give the impression that he was admitted to a District he was not admitted to and did not intend for Ms. Gosse's case to become abandoned. The undersigned was under the impression that Lento Law Group, as attorney of record, continued representation after his resignation. Further, within his

resignation letter, addressed to Lento Law Group leadership, the undersigned specifically stated that the Gosse matter was nearing its statute of limitations, was a Southern District of Georgia matter and required reassignment.

2. The undersigned takes their ethical duties extremely seriously and is not cognizant of any intentional error or intentional action however, in recognition of the undersigned's human nature and being early in his career, he considers it possible he may have made an unintentional error. Should this Honorable Court find that to be the case, the undersigned accepts responsibility for his errors. It is the undersigneds intent to enroll in and complete additional CLE ethics training on multi-jurisdictional practice as part of his 2025 CLE requirements.

3. The undersigned was employed by Lento Law Group from April 2024-November 2024. The undersigned was an associate attorney. Notice of resignation was rendered November 12, 2024 and the undersigned's last day was November 27, 2024.

4. The undersigned was a remote employee who only met Mr. Lento, the firm administrator and any other staff member after the end

of his employment at the Lento Law Group holiday party in December 2024.

5. This was the undersigned first paid position in the legal field post bar admission. Initially upon passing the bar the undersigned remained in the private sector in the human resources field.

6. The undersigned did not have any insight, influence or involvement in business development, client intake, conflict reviews and other pre-engagement matters.

7. The undersigned also had no control or influence in how matters were assigned or who they were assigned to.

8. The undersigned only became involved in matters after the client was fully onboarded and the matter was assigned to the undersigned by law firm management.

9. The undersigned was reassigned to the matter for Ms. Gosse but not being admitted to this District was aware local counsel, be it internal or external, would be needed. The undersigned never made any statement to Ms. Gosse that he was admitted to the District. The undersigned specifically recalls a conversation with Ms. Gosse where he stated he would need to be admitted pro hac

vice along side local counsel. The undersigned recalls this because he provided the english translation of pro hac vice.

10. The undersigned then prepared a working draft complaint to be provided to local counsel as was routine practice in the firm. The internal attorney assigned would prepare the case for local counsel and act in a fashion similar to a research and writing attorney who does the leg work. The internal attorney would also act as a sort of project manager for the case and a liaison.

11. The undersigned was unclear why the matter was assigned to him given his lack of admission but believed he was assigned to handle the administrative function and drafting for local counsel to ultimately review and file.

12. The undersigned was under the impression that his role was administrative in nature to (1) keep the client informed and function as point of contact and (2) prepare the matter to be passed to local counsel so that they would have a working draft.

13. Local counsel was never identified to the undersigned.

14. The undersigned worked expeditiously to prepare a complaint given the proximity of the statute of limitations.

15. As statute of limitations drew nearer the undersigned began to inquire who in the firm would be able to file the complaint.

16. The undersigned was informed by Lento Law Group leadership that they had Georgia counsel on staff who could handle filing and fulfill the role of local counsel. However, the specific attorney was never identified. The undersigned was under the belief that Georgia counsel would take over as lead counsel and the undersigned would pro hac vice as part of the litigation team to provide support.

17. The undersigned prepared the complaint and had Ms. Gosse review prior to passing the complaint to local counsel.

18. The inclusion of the undersigned's signature block was inadvertent and simple human error. The undersigned uses a standard federal complaint template to ensure consistency in drafting. That signature block should have been removed prior to the circulation to the client.

19. Due to a lack of firm answers regarding who the matter would be passed to for filing, the undersigned was left on his own to figure out how to get the case initiated and to whom to pass the

case for prosecution of the claims upon his departure from the firm.

20. The undersigned began reviewing the list of attorneys on staff to attempt to identify who was admitted to this District. The undersigned went line by line through the law firm website searching names of attorneys from the firm on the Georgia bar website. The undersigned identified that Attorney Renza was admitted in Georgia and asked if she was actively admitted to the District.

21. Upon her confirmation the undersigned asked if she would file the matter and enter as counsel of record.

22. The undersigned took these actions because the proximity of the statute of limitations had become dire. But for those actions to find an internal attorney who could act as local counsel the statute would have run and the client would have been severely prejudiced.

23. Because the undersigned was at the end of their employment with Lento Law Group it was his understanding that the matter was going to be reassigned promptly.

24. The undersigned was under the impression that Attorney Renza was the attorney who law firm leadership intended to act as local counsel as indicated by Lento Law Group based on prior representations that the firm had Georgia counsel. However, because the undersigned did not have a definitive answer that Ms. Renza was intended to act as local counsel, he did advise her that Lento Law Group may be looking for other, potentially, external local counsel.

25. The undersigned was not privy to the specific discussions regarding local counsel.

26. As a non-supervisor the undersigned counsel was unable to direct the work of another attorney so was unable to give direction to Attorney Renza but based on past conversations with Lento Law Group leadership was under the impression the matter would be reassigned to Attorney Renza.

27. It seems that upon the undersigned's departure from the firm the matter was never reassigned.

28. At no time did the undersigned intend to abandon Ms. Gosse and the undersigned was under the impression, until the filing of

the Rule to Show Cause to which this reply is responsive to, that Lento Law Group continued to advance this cause.

29. This response to the Court's order is made for the reasons stated herein.

30. The undersigned is committed to following all the rules and regulations set forth by the Bar and those of this Court, and any local court to which the undersigned avails himself to the privilege of practicing before.

31. Upon receiving the Rule to Show Cause via PACER, the undersigned immediately contacted the courtroom deputy to advise that two of the three addresses for him were outdated. Upon receiving the deputy's voicemail, the undersigned contacted the office of the Clerk of the Courts. These actions were undertaken to prevent the USMS expending efforts and taxpayer resources attempting service at outdated addresses. To the extent those efforts were unsuccessful the undersigned is most apologetic.

32. The undersigned is in the process of making travel arrangements for the hearing as ordered.

33.   The undersigned has shown good cause as to why she should not be subject to disciplinary proceedings.

34.   The undersigned has shown good cause for the requested relief to be granted.

WHEREFORE, the undersigned respectfully requests that this Court not subject him to disciplinary proceedings.

Respectfully submitted,

Kyle Anthony Adams, Esquire

Office: 1420 Locust St, Suite 420
Phila. PA 19102
kyleadamsesq@gmail.com
267-401-5252

Date Filed: August 11, 2025